# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MELISSA SCARBROUGH, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HONDA DEVELOPMENT & MANUFACTURING OF AMERICA, LLC,<br><br>　　　　Defendant. | Case No. 2:22-cv-04277<br><br>Judge Edmund A. Sargus, Jr.<br><br>Magistrate Judge Kimberly A. Jolson<br><br>(Related to Case No. 2:22-cv-694)<br><br>**Jury Demand Endorsed Hereon** |

## ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT

Defendant Honda Development & Manufacturing of America, LLC, pursuant to Fed. R. Civ. P. 8 & 12, responds as follows for its answer to Plaintiff's Class and Collective Action Complaint. To the extent the allegations within the Complaint are not expressly admitted below, they are denied. For purposes of this Answer, Defendant reproduces the headings of the Complaint for ease of reference only and by doing so does not concede or otherwise admit their accuracy.

### SUMMARY

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. In response to Paragraph 10 of the Complaint, Defendant admits that Scarbrough brings the lawsuit she describes, but denies that she is entitled to any relief.

11. In response to Paragraph 11 of the Complaint, Defendant admits that Scarbrough brings the lawsuit she describes, but denies that she is entitled to any relief.

## JURISDICTION & VENUE

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

## PARTIES

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint. Scarbrough has never been employed by Honda Development & Manufacturing of America, LLC ("Defendant" or "HDMA"). Rather, she has been employed by Honda of South Carolina Manufacturing, which merged into American Honda Motor, Inc. ("AHM"), or AHM. She currently is employed by AHM.

17. Defendant denies that Scarbrough has worked for HDMA. Defendant admits the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies that Scarbrough worked for HDMA. Defendant admits the remaining allegations contained in Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, Defendant denies that any such collective should be certified.

20. In response to Paragraph 20 of the Complaint, Defendant denies that any such class should be certified.

21. In response to Paragraph 21 Defendant admits that "[t]hroughout [Plaintiff's] Complaint, the FLSA Collective and South Carolina Class members are referred to as collectives as the 'Similarly Situated Workers,'" but denies that any such class or collective action should be certified.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

## COVERAGE UNDER THE FLSA

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies that HDMA employs Scarbrough. Defendant admits the remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of the Complaint.

## FACTS

32. In response to Paragraph 32 of the Complaint, Defendant denies that it distributes automobiles. Defendant admits the remaining allegations of Paragraph 32 of the Complaint.

33. Defendant admits the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of the Complaint.

35. Defendant admits the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits the allegations contained in Paragraph 36 of the Complaint at least as to HDMA.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. In response to Paragraph 38 of the Complaint, Defendant denies that HDMA estimated the hours of Scarbrough and denies the remaining allegations of this paragraph.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. In response to Paragraph 41 of the Complaint, Defendant denies that HDMA paid Scarbrough and denies the remaining allegations of this paragraph.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant admits the allegations contained in Paragraph 47 of the Complaint.

48. Defendant admits the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies that HDMA employed Scarbrough but admits the remaining allegations contained in Paragraph 55 of the Complaint.

56. In response to Paragraph 56 of the Complaint, Defendant denies Scarbrough worked for HDMA and denies the remaining allegations of contained in Paragraph 56 of the Complaint.

57. Defendant admits the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies that HDMA recorded the hours worked by Scarbrough but admits the allegations contained in Paragraph 59 of the Complaint.

60. Defendant admits the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. In response to Paragraph 65 of the Complaint and because this paragraph merely states what purports to be statements of law, no response is required. Defendant denies any remaining allegations contained in Paragraph 65 of the Complaint.

66. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of payments made by MBUIS. Defendant denies the remaining allegations of this contained in Paragraph 66 of the Complaint.

67. In response to Paragraph 67 of the Complaint and because this paragraph merely states what purports to be statements of law, no response is required. Defendant denies any remaining allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. In response to Paragraph 71 of the Complaint, Defendant is without information sufficient to form a belief as to the truth or falsity of the matters of which Scarbrough is aware. Defendant denies the remaining allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

## CLASS ACTION ALLEGATIONS

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. In response to Paragraph 82 of the Complaint, Defendant is without information sufficient to form a belief as to the truth or falsity of the matters of which Scarbrough is aware. Defendant denies the remaining allegations contained in Paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in Paragraph 85 based on insufficient knowledge of Scarbrough's "experiences." Defendant denies that any proposed class should be certified.

86. Defendant denies the allegations contained in Paragraph 86 based on insufficient knowledge. Defendant denies that any proposed class should be certified.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies each and every allegation (letters (a) through (f)) contained in Paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint because Defendant is without information sufficient to form a belief as to the truth or falsity of the matters of which Scarbrough has "know[ledge]." Defendant denies that any proposed class should be certified.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

## FIRST CAUSE OF ACTION-VIOLATIONS OF THE FLSA

95. For its answer to Paragraph 95 of the Complaint, Defendant reasserts and incorporates by reference its responses to the paragraphs 1 to 94 of the Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98. Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of the Complaint.

**SECOND CAUSE OF ACTION-VIOLATIONS OF THE IMWL [sic] AS TO SCARBROUGH AND THE SOUTH CAROLINA CLASS**

105. For its answer to Paragraph 105 of the Complaint, Defendant reasserts and incorporates by reference its responses to the paragraphs 1 to 94 of the Complaint.

106. Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107. Defendant denies that HDMA employed Scarbrough but admits the remaining allegations contained in Paragraph 107 of the Complaint.

108. Defendant admits the allegations contained in Paragraph 108 of the Complaint.

109. Defendant admits the allegations contained in Paragraph 109 of the Complaint.

110. Defendant denies that HDMA employed Scarbrough but admits it employed other individuals who reside in South Carolina.

111. In response to Paragraph 111 of the Complaint and because this paragraph merely states what purports to be statements of law, no response is required.  Defendant denies any remaining allegations contained in Paragraph 111 of the Complaint.

112. In response to Paragraph 112 of the Complaint and because this paragraph merely states what purports to be statements of law, no response is required.  Defendant denies any remaining allegations contained in Paragraph 112 of the Complaint.

113. In response to Paragraph 113 of the Complaint and because this paragraph merely states what purports to be statements of law, no response is required.  Defendant denies any remaining allegations contained in Paragraph 113 of the Complaint.

114. In response to Paragraph 114 of the Complaint and because this paragraph merely states what purports to be statements of law, no response is required.  Defendant denies any remaining allegations contained in Paragraph 114 of the Complaint.

115. In response to Paragraph 115 of the Complaint and because this paragraph merely states what purports to be statements of law, no response is required.  Defendant denies any remaining allegations contained in Paragraph 115 of the Complaint.

116. In response to Paragraph 116 of the Complaint and because this paragraph merely states what purports to be statements of law, no response is required.  Defendant denies any remaining allegations contained in Paragraph 116 of the Complaint.

117. In response to Paragraph 117 of the Complaint and because this paragraph merely states what purports to be statements of law, no response is required.  Defendant denies any remaining allegations contained in Paragraph 117 of the Complaint.

118. In response to Paragraph 118 of the Complaint and because this paragraph merely states what purports to be statements of law, no response is required. Defendant denies any remaining allegations contained in Paragraph 118 of the Complaint.

119. Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120. Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121. Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122. Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123. Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124. Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125. Defendant denies the allegations contained in Paragraph 125 of the Complaint.

126. Defendant denies the allegations contained in Paragraph 126 of the Complaint.

127. Defendant denies the allegations contained in Paragraph 127 of the Complaint.

128. Defendant denies the allegations contained in Paragraph 128 of the Complaint.

## RELIEF SOUGHT

Defendant denies that Plaintiff or anyone else is entitled to the relief sought in the *ad damnum* clause of the Complaint.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues. Defendant admits that Plaintiff has demanded a trial by jury. Defendant also seeks a trial by jury on all issues.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming any burden of production or proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Defendant's investigation into the allegations made in Plaintiff's Complaint are ongoing. As such, Defendant reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional defenses.

## FIRST DEFENSE

Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiff and putative members of the alleged collective. Therefore, Plaintiff and putative members of the alleged collective may not be awarded liquidated damages.

## SECOND DEFENSE

Plaintiff's claims, and those of any putative collective members, are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA.

## THIRD DEFENSE

Plaintiff's claims must be dismissed to the extent that they are moot.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismissing Plaintiff's claims with prejudice and awarding Defendant its costs and any other relief that this Court deems appropriate.

DATED: January 9, 2023                Respectfully submitted,

/s/ *Syed Ahmadul Huda*
David S. Bloomfield, Jr., Trial Attorney (0068158)
Syed Ahmadul Huda (0098633)
PORTER WRIGHT MORRIS & ARTHUR LLP
41 S. High St., 29TH Floor
Columbus, OH 43215-6194
Tel: (614) 227-2000
Fax: (614) 227-2100
dbloomfield@porterwright.com
ahuda@porterwright.com

*Attorneys for Defendant Honda Development & Manufacturing of America, LLC*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that I have served a copy of ANSWER TO COLLECTIVE ACTION COMPLAINT, by electronic filing using the CM/ECF system, which will send notification of such filings to same on January 9, 2023, upon counsel of record as follows:

>Morgan & Morgan, P.A.
>333 W. Vine St., Ste. 1200
>Lexington, KY 40507
>casay@forthepeople.com
>
>Matthew Scott Parmet
>Parmet PC
>3 Riverway, Ste. 1910
>Houston, TX 77056
>matt@parmet.law

>/s/ Syed Ahmadul Huda
>*An attorney for Defendant*

21748802